**NOT FOR CITATION**

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

METROPOLITAN LIFE INSURANCE CO.,

    Plaintiff,

    v.

DIANE T. SIMPSON,

    Defendant.

_____/

No. C 04-4164 PJH

**ORDER RE STANDARD OF REVIEW**

Before this court is the briefing requested at the March 31, 2005 case management conference on the applicable standard of review for this case. Having read all papers submitted and carefully considered the relevant legal authority, the court rules as follows.[1]

## BACKGROUND

Plaintiff MetLife provided insurance coverage for defendant Diane Simpson under the Federal Long Term Care Insurance Program ("FLTCIP"), which was established by the U.S. Office of Personnel Management under the Long Term Care Security Act ("LTCSA"), 5 U.S.C. § 9001. MetLife denied Simpson's claim for benefits and rescinded her insurance coverage because, it alleged, she lied on her application when she stated that she had not been diagnosed with Alzheimer's disease or other dementia.

## DISCUSSION

Both parties agree that while the statute provides for district court review of an insurer's decision under the FLTCIP, it does not set forth the standard of review to be used by the court in doing so. The question of the applicable standard of review under the LTCSA does not yet appear to have been addressed by any federal court.

---

[1] Pursuant to Civ. L.R. 7-13, this order may not be cited except as provided by Civ. L. R. 3-4(e).

A.   <u>Firestone</u>

In <u>Firestone Tire & Rubber Co. v. Bruch</u>, the U.S. Supreme Court established the standard of review for ERISA cases by analogizing ERISA to trust law.  489 U.S. 101, 110-115 (1989) (finding that de novo review applies unless plan explicitly gives fiduciary power to construe terms of the plan).  <u>Firestone</u> principles have also been applied in the context of analogous non-ERISA contractually-granted benefits.  In <u>Oracle Corporation v. Falotti</u>, 319 F.3d 1106, 1114 (9th Cir. 2003), <u>cert. denied</u>, 540 U.S. 875 (2003), for example, the court upheld an abuse of discretion standard of review in the interpretation of a stock option agreement by a corporation's compensation committee, because the stock option agreement gave the compensation committee full discretion to make determinations of applicability.

Thus, because the LTCSA creates an a trust-like system similar to ERISA's, with the administrators of the FLTCIP in a fiduciary relationship with beneficiaries such as Simpson, the court finds that it is appropriate to apply <u>Firestone</u> principles to the question presented here.  The MetLife plan vests full discretion in the plan administrators "to interpret the terms, conditions, and provisions" of the benefit plan.  MetLife Opening Br. Exh. A at 16. Accordingly, unless some exception applies, the court will review the administrator's decision for abuse of discretion.

B.   Conflict of Interest

Simpson argues that even if abuse of discretion review applies, a conflict of interest exists as to the FTLCIP's decision sufficient to warrant de novo review.  ERISA case law provides an exception to the usual presumption that abuse of discretion review applies to an administrator's decision if plaintiff can show the existence of a sufficient conflict of interest in the administrator's decision, in which case the review shall be de novo.  To demonstrate a conflict of interest warranting de novo review, Simpson must show the existence of "probative evidence, beyond the mere fact of the apparent conflict, tending to show that the fiduciary's self-interest caused a breach of the administrator's fiduciary obligations to the beneficiary." <u>Jordan v. Northrop Grumman Welfare Benefit Plan</u>, 370 F.3d 869, 875-76 (9th Cir. 2004)

(citations omitted).

In support of her claim that a conflict of interest exists here, Simpson argues the fact that MetLife and the Office of Personnel Management promulgated new regulations concerning rescission of LTCSA contracts in the midst of her administrative appeal, and that MetLife prevented her from submitting evidence in support of her claim by filing this lawsuit before her deadline for submitting evidence in support of her administrative claim had passed. Simpson claims that both these facts raise significant questions concerning the legitimacy of MetLife's decisions in her case, and thus support an argument that MetLife breached its fiduciary duty to her as a beneficiary.

MetLife concedes that it indeed promulgated standards of review for policy rescission only after it began reviewing Simpson's case. McGuinness Decl. ¶ 4 (noting that new standards were promulgated in conjunction with the federal Office of Personnel Management and the Long Term Care Program, as well as the insurers). MetLife also concedes that due to several miscommunications concerning extensions of time, it was forced to file suit before Simpson's administrative claim was fully exhausted and before Simpson had an opportunity to submit additional information supporting her case. MetLife, however, asserts that no unfair decision was in fact rendered under the newly promulgated standard of review, that Simpson's administrative appeal remains open, and that MetLife is willing to accept any new evidence that Simpson may wish to offer. Id. ¶ 5.

The court agrees with Simpson that MetLife's promulgation of rescission policies during the course of reviewing her claim, and ostensibly, as a result of deciding to rescind her policy, suggests self-interested conduct on MetLife's behalf. Moreover, this court has already found that MetLife had some obligation to comply with its own procedures particularly where, as here, it claims that the regulations do not apply. Yet before the deadline agreed to by MetLife had expired, MetLife filed suit. Notwithstanding MetLife's explanation for its reasons for doing so, the filing of the lawsuit appears to this court, as well as to Simpson, as precipitous.

Given these procedural irregularities in Simpson's administrative appeal, the court finds that Simpson has adequately demonstrated the possibility of a conflict of interest in MetLife's decision-making process.  See, e.g., Nord v. Black & Decker Disability Plan, 356 F.3d 1008, 1010 (9th Cir. 2004), cert. denied, 125 S.Ct. 62 (2004) (material, probative evidence of a conflict of interest includes evidence of "procedural irregularities in the processing of the beneficiaries' claims"); see also Friedrich v. Intel Corporation, 181 F.3d 1105, 1110 (9th Cir. 1999) (de novo review appropriate when procedural irregularities by insurer included, among other factors, poor communication with beneficiary such that beneficiary was unaware of the status of the administrative appeal).  Therefore, the court will conduct a de novo review of MetLife's decision.

Since the court has found that de novo review applies, full discovery in this case is appropriate as well.  In any event, MetLife has already stated that it is willing for the court to consider the additional documents submitted by Simpson that were not submitted to MetLife during its initial administrative review.

This court has previously ruled that it will review MetLife's rescission claim before reaching Simpson's claim for benefits.  Thus, discovery at this point is limited to that relating only to the rescission claim.  This order fully adjudicates the matter listed at no. 33 on the clerk's docket for this case.

**IT IS SO ORDERED.**

Dated: June 15, 2005

_____
PHYLLIS J. HAMILTON
United States District Judge

4