**NOT FOR CITATION**

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

METROPOLITAN LIFE INS. CO.,

    Plaintiff,

    v.

DIANE T. SIMPSON,

    Defendant.

_____/

No. C 04-4164 PJH

**ORDER DENYING PLAINTIFF'S MOTION FOR LEAVE TO FILE MOTION FOR RECONSIDERATION**

    Before this court is Metropolitan Life Insurance Company's ("MetLife") motion for leave to file a motion for reconsideration. The court granted leave for Simpson to file an opposition. Having reviewed the papers filed, the court DENIES MetLife's motion for the reasons that follow.

    As an initial matter, the court acknowledges that MetLife has alleged that Simpson "misrepresented that she did not have, had not been diagnosed with, and/or had not been treated for Alzheimer's Disease or Dementia," and that she concealed and/or failed to disclose material facts, and has not specifically characterized Simpson's conduct as "lying," which the court used simply as a shorthand way of describing the essence of MetLife's allegations.

    MetLife now requests reconsideration of the court's order on the standard of review to be applied in this case, arguing that the court erred in deciding that de novo review is appropriate. For de novo review to apply, the defendant bears the burden of showing

1  "material, probative evidence, beyond the mere fact of the apparent conflict, tending to show
2  that the fiduciary's self interest caused a breach of the administrator's fiduciary obligations."
3  See, e.g., McDaniel v. Chevron Corp., 203 F.3d 1099, 1108 (9th Cir. 2000) (citations
4  omitted).  If defendant can make that showing, the burden of proof then shifts to plaintiff to
5  "produce evidence that the apparent conflict of interest did not affect the decision to deny
6  benefits." Id. (Citations omitted).
7       Due to the lack of clarity in MetLife's original papers, the court misunderstood MetLife
8  as having asserted that the regulations applicable to rescission proceedings were changed
9  while Simpson's administrative appeal was pending.  Now, according to Simpson, MetLife
10  has stated for the first time that the rescission regulations were first promulgated in 2002.  In
11  the absence of any contrary evidence, the court accepts this representation as true.
12       However, even disregarding this issue, and the issue of whether Simpson had notice of
13  the new regulations when she filed her appeal, the court remains skeptical about the
14  circumstances surrounding the filing of MetLife's complaint.  The record shows that at the
15  same time that MetLife was assuring Simpson that she originally had until September 30,
16  2004 to file an appeal of their initial denial of her application and that "we will evaluate all of
17  the information and advise you of our decision in a timely manner," MetLife was
18  simultaneously planning to file this federal lawsuit on that same date.  Compare McArthur
19  Decl. Exh. A (letter of August 30, 2004) with Complaint (filed September 30, 2004).
20       MetLife explains that the lawsuit was filed on the same day as the original deadline for
21  plaintiff's appeal because the two year period of contestibility for rescission-based decisions
22  was due to expire on October 1, 2004.  However, there is no indication in the letter to
23  Simpson or in the record presented of MetLife's subsequent conversations with Simpson's
24  attorney, that Simpson was made aware that MetLife would be filing a lawsuit (for what the
25  court characterizes as akin to statute of limitations purposes), or that MetLife was taking the
26  position that Simpson's appeal would or could go forward simultaneously with the lawsuit.
27  See, e.g., McArthur Decl. Exh. B (Sept. 21 letter requesting extension to October 29, 2004
28

2

and memorializing voice mails to MetLife).[1]

Furthermore, it appears that MetLife did not inform Simpson that the lawsuit had even been filed until October 27, 2004, when they informed Simpson that it was deeming her failure to submit information by October 21, 2004 as a waiver of her right to appeal. Additionally, the circumstances surrounding the deadline are troublesome. Simpson's attorney clearly requested an extension to October 29, 2004 as memorialized in his September 21, 2004 letter. The extension was apparently granted only to October 21, 2004, yet no one from MetLife told him that. McArthur Decl. Exh. D. It also appears that MetLife led Simpson's attorney to believe that it had filed suit sometime after Simpson had missed her October 21, 2004 appeal deadline when in fact MetLife had filed suit three weeks earlier, before Simpson's administrative appeal was due. Id. MetLife provides no evidence reflecting any effort on its part to correct Simpson's misimpressions or to clarify the situation to Simpson in any way.

Notwithstanding the court's misunderstanding about and prior reliance on the timing of the promulgation of the rescission rules, there remains in this case significant procedural irregularities in the way MetLife handled Simpson's appeal, all of which appear to have inured to the benefit of MetLife to the detriment of Simpson. As stated in the court's previous order, these procedural irregularities are sufficient to warrant de novo review in this case.

MetLife also requests that the court reconsider its decision permitting discovery in this case. Simpson is correct that MetLife has not shown any "material differences in fact or law" that would warrant reconsideration of this issue or any material facts that the court failed to consider in rendering its original decision. Simpson is permitted to undertake such discovery as is necessary to investigate MetLife's conflict of interest. Whether or not any evidence discovered is admissible on the merits will be determined when it is offered. Pursuant to Civ. L. R. 7–9(b), MetLife's request for leave to file a motion for reconsideration of the decision permitting discovery in this matter is denied.

---

[1] MetLife did not produce any evidence to the contrary in any of its papers.

3

MetLife's motion for leave to file a motion for reconsideration is DENIED. De novo review will continue to apply in this case, and full discovery on the conflict of interest issues may proceed.

**IT IS SO ORDERED.**

Dated: August 23, 2005

_____
PHYLLIS J. HAMILTON
United States District Judge